UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4-11-70756 MAG (DMR) |
| Plaintiff, | ) ) | |
| v. | ) ) | RELEASE ORDER |
| | ) ) | |
| CHRISTOPHER CONWAY, | ) ) | |
| Defendant. | ) ) | |

## I. INTRODUCTION AND BACKGROUND

Defendant Christopher Conway is charged in a criminal complaint with a violation of 18 U.S.C. § 1591 (harboring a person younger than 18 years of age knowing that such person will be caused to engage in a commercial sex act.)  On July 26, 2011, the government moved for Mr. Conway's detention and exercised its right to a bail hearing pursuant to 18 U.S.C. § 3142(f)(1)(E) (government entitled to bail hearing in cases involving "any felony that is not otherwise a crime of violence that involves a minor victim...")

In anticipation of the hearing, Pretrial Services prepared a full bail study and addendum. Pretrial Services recommended that Mr. Conway be released on a set of conditions designed to

RELEASE ORDER
CR 11-70756 MAG (DMR)             1

address the risk of his non-appearance and danger to the community:

- $70,000 unsecured bond co-signed by two court-approved sureties;
- Supervision by Pretrial Services;
- Electronic monitoring, with the ability to leave his house only for attorney meetings, court obligations, medical appointments, and services referred by Pretrial Services;
- Travel restricted to the Northern District of California;
- No possession of firearms, destructive devices or other dangerous weapons;
- Participation in drug and/or mental health counseling, and submission to drug alcohol testing, as directed by Pretrial Services;
- No excessive alcohol use and no possession of any narcotic or other controlled substance;
- No contact with the alleged victim of the crime and with any potential witness who may testify concerning the offense; and
- No change of residence without prior approval of Pretrial Services.

The court conducted a bail hearing on July 28 and August 3, 2011, during which the government and defense proffered information on the question of whether Mr. Conway should remain in custody or be released on appropriate conditions during the pendency of his case.

At the August 3, 2011 hearing, after considering the parties' proffers as well as the bail study, and after having had an opportunity to question Mr. Conway's mother and brother in person regarding their suitability to serve on the bond, the court held that Mr. Conway should be released.  In large part, the court adopted Pretrial Services' recommended conditions of release. However, the court added the condition that Mr. Conway be released to the custody of his mother, who agreed to act as defendant's custodian.  The court also raised the recommended amount of the unsecured bond to $75,000.

The court set forth the conditions of Mr. Conway's release in the standard form Order,

RELEASE ORDER
CR 11-70756 MAG (DMR)               2

dated August 3, 2011.[1]   In light of the government's intent to appeal, the Court now issues this supplemental release order to set forth its analysis in aid of the district court's review.

## II.  LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release.  If the government does not meet its burden, the Court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or community danger.  Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases..."  *U.S. v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (quoting *U.S. v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions ... [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c).  In non-capital cases, pretrial release "should rarely be denied." *Motamedi,* 767 F.2d 1403 at 1405; *see also U. S. v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception").

The court must order a defendant detained if the court finds that conditions cannot be fashioned to assure the defendant's appearance in court, or the safety of the community or another person.  18 U.S.C. § 3142(e)(1).  The government bears the burden of proof on either

---

[1] The Northern District of California has developed its own one-page form release order entitled "Order Setting Conditions of Release and Appearance Bond."  Typically, the magistrate court's release order consists of an executed version of that form.  In this case, the Court prepared the form order, which enumerated conditions for Mr. Conway's release.  The Court then stayed imposition of the form order because the government indicated its intent to appeal.

RELEASE ORDER
CR 11-70756 MAG (DMR)                              3

prong. To prove that no condition or combination of conditions can assure that the accused will appear at required court hearings, the government must show by a preponderance of the evidence that the accused is a flight risk. *United States v. Aitken,* 898 F.2d 104, 107 (9th Cir. 1990). The government must prove that defendant poses a non-mitigable danger to the community through clear and convincing evidence. *Motamedi*, 767 F.2d at 1406-1407.

Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

**A. The Nature and Circumstances Of the Offense and Weight of the Evidence**

Mr. Conway is charged in a criminal complaint with a violation of 18 U.S.C. § 1591 (harboring a person younger than 18 years of age knowing that such person will be caused to engage in a commercial sex act.) The charged offense thus gives rise to a rebuttable presumption of detention pursuant to 18 U.S.C. §3142(e)(3)(E). This rebuttable presumption, however, is fairly easily met. A presumption raised under section 3142(e) merely shifts the burden of *production* to the defendant; the ultimate burden of *persuasion* remains with the government. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

RELEASE ORDER
CR 11-70756 MAG (DMR)                                4

The Ninth Circuit has held that the weight of the evidence is the least important of the various factors. This guards against the possibility of making a "preliminary determination of guilt" that then leads to punishment in the form of a refusal to grant release. *Motamedi*, 767 F.2d at 1408. "The [] factor may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id.*

The sworn affidavit supporting the criminal complaint sets forth information regarding Mr. Conway's relationship with "J.D.," a fifteen-year old female. The affidavit indicates that Mr. Conway and J.D. have had a sexual relationship. According to the affidavit, Mr. Conway has admitted that he knows J.D. is under eighteen years of age, that she works as a prostitute, and that she advertises on www.myredbook.com for that purpose. The affiant describes that Mr. Conway rented rooms at an Economy Inn in the Richmond/San Pablo area and at a Motel 6 in San Rafael that matched with the room numbers that J.D. had given to prospective clients. Mr. Conway also admitted that he has shared a Motel 6 room with J.D. in order to "watch her back."

Thus, the nature of the charge and the weight of the evidence raise a serious concern as to whether Defendant poses a danger to the community. However, the ultimate question is not whether he presents a danger to the community, but rather, whether such a risk is mitigable through the imposition of conditions of release.

**B. The History and Characteristics of Defendant and the Nature and Seriousness of the Danger to Any Person or the Community**

Mr. Conway is 21 years old and finished the 11th grade. He has worked on occasion at his uncle's barber shop in Richmond, but has no history of steady employment. Mr. Conway attended therapy sessions as a child for an impulsive behavioral disorder and a learning disability. There is some indication that he uses illicit drugs. A small amount of marijuana was found in his possession upon arrest, and he also was arrested (but not convicted) of a marijuana possession charge in March 2011.

Mr. Conway has a significant criminal record which began with a juvenile offense at age seventeen, when he sustained a misdemeanor conviction in May 2007 for exhibiting a firearm.

RELEASE ORDER
CR 11-70756 MAG (DMR)                    5

In February 2008, he was convicted of felony accessory to robbery. In June 2009, he was arrested for supervision of prostitution, but the charges were dropped due to insufficient evidence. In September 2009, he sustained a misdemeanor conviction for car theft. He was convicted of a felony charge relating to "junker buying" of illegal wire/metal in June 2010. In June 2011, he was arrested for pimping and was convicted on a misdemeanor charge of contributing to the delinquency of a minor. At least some of Mr. Conway's arrests occurred while he was on probation.

Mr. Conway has lived in Richmond and Sacramento his entire life, and has strong family ties to the area. A number of family members attended the bail hearings, including his mother and stepfather, two brothers, a sister, his minor child, and several other family members who were only generally identified to the court.

The court directly addressed Mr. Conway's mother, Marian Jones, and his twenty-three year old brother, Billy Ray Conway in open court to determine their suitability as co-signors on an unsecured bond, and in Ms. Jones' case, as a custodian. Both are U.S. citizens with no prior arrests or criminal record. Both have stable employment; Ms. Jones is an in-home services provider, and Mr. B. Conway drives a vehicle for Sacramento paratransit. The court emphasized the risks to the co-signors, as well as the serious nature of their voluntary agreements to stake their financial future on defendant's compliance with the release order. Although both have modest monthly incomes, the court explained to them that even if they do not each have $75,000 in available assets today, each stands to suffer real and long-lasting financial harm if defendant absconds and the government obtains a money judgment against them.[2] The court instructed the

---

[2] The court imposes the unsecured bond under the "catch-all" provision in 18 U.S.C. § 3142(c)(1)(B)(xiv), and not under section 3142(c)(1)(B)(xii) (possible condition of bail bond with solvent sureties). For this reason, the court did not require the co-signors to be qualified as sureties under Fed. R. Crim. P. 46(e). For a more detailed analysis of the issue of individuals who lack significant financial assets but who nevertheless may serve as effective co-signors on an unsecured release bond, the court directs the district court's attention to *U.S. v. Powell*, 10-00292 CW (DMR) (Addendum to Release Order) (Docket No. 18, *aff'd,* Docket No. 41)

RELEASE ORDER
CR 11-70756 MAG (DMR)                6

co-signers that they were executing a legally enforceable agreement, and that they were obligating themselves to pay a certain amount of money to the government if defendant is non-compliant. The court also explained that the government could seek to collect a money judgment against them far into their futures.

In addition, although Pretrial Services did not recommend the appointment of a custodian as a condition of release, the court nevertheless considered whether addition of a suitable custodian would be warranted in Mr. Conway's case. The court questioned Mr. Conway's mother, Ms. Jones, for that purpose. The government proffered its concern that Ms. Jones would be an unsuitable custodian because motel records indicate she rented a motel room that J.D. allegedly used for prostitution. In response, the defense proffered that J.D. was in an established relationship with Mr. Conway, that J.D. represented to Ms. Jones that she was eighteen years old, that J.D. had spent time with Mr. Conway in the home he shares with Ms. Jones, and that Ms. Jones helped Mr. Conway and J.D. rent the motel room so that they could have some privacy together away from the family home. The incident raises the court's concern that Ms. Jones lacks sufficient judgment to act as a custodian. However, the court had the opportunity to question Ms. Jones and observe her demeanor. The court is satisfied that Ms. Jones is a mature and intelligent woman who understands the seriousness of the federal charge against her son, and is prepared to take on the responsibility of acting as the "eyes and ears" of the court to enforce the conditions of defendant's release at the risk of becoming legally liable herself for failing to report non-compliant behavior.

**C. Conclusion and 3142(c) Conditions of Release**

The Court's inquiry with respect to the question of pretrial release is whether – considering the factors in section 3142(g) – any conditions or combination of conditions in section 3142(c) will reasonably assure Mr. Conway's appearance and the safety of the community. The nature of the charge, Mr. Conway's significant criminal record (including two felony convictions), and his repeated offenses while on community supervision all raise significant concerns about whether he poses a serious risk of flight or danger to the community.

RELEASE ORDER
CR 11-70756 MAG (DMR)                              7

However, in the end analysis, the Court finds that the government has not demonstrated by a preponderance of the evidence that a risk of nonappearance cannot be mitigated, nor has it established by clear and convincing evidence that Mr. Conway presents a current danger to the community that cannot be mitigated through appropriately strict conditions tailored to address those risks.

Weighing in favor of Mr. Conway's release on conditions are his familial ties to the community, his life-long residency in the greater Bay Area, and his lack of foreign travel. While Mr. Conway has a significant criminal history, including a misdemeanor juvenile conviction for brandishing a gun, there is no indication that he has gang affiliations, or has engaged in drug or gun trafficking. Mr. Conway also has two viable co-signors with whom he has a close relationship, each of whom have voluntarily co-signed the $75,000 unsecured release bond and put themselves at significant financial risk on his behalf. In addition, defendant's mother agreed to serve as a custodian who must enforce the release conditions at risk of being held in contempt of court for failing to report defendant's non-compliance. The court finds that the $75,000 unsecured bond, coupled with the family co-signors and custodian, creates adequate moral suasion and incentive for Mr. Conway to comply with the conditions of his release.

Moreover, Mr. Conway's movements, associations, and activities will be extremely restricted, severely limiting his chances to re-offend during the pendency of his case. Mr. Conway understands that he essentially will be on electronically monitored house arrest, and that he will be subject to drug testing and counseling, and mental health counseling at the direction of Pretrial Services. The court finds that this combination of strict conditions will mitigate the attendant risks.

### III.  CONCLUSION

Pretrial release should be denied only in rare circumstances, and any doubt about the propriety of release should be resolved in the defendant's favor. *Motamedi*, 767 F.2d at 1405. The Court concurs with the assessment set forth in the Pretrial Services report that Mr. Conway should be released on conditions tailored to address the risks he presents.

RELEASE ORDER
CR 11-70756 MAG (DMR)         8

Thus, the Court orders Mr. Conway released pursuant to the conditions set forth in the "Order Setting Conditions of Release and Appearance Bond" form.  At the government's request, the Court has stayed its order until August 3, 2011 at 5:00 p.m. to allow the government an opportunity to file its notice of intent to appeal Defendant's release, and to seek a further stay before the Honorable Phyllis Hamilton, U.S. District Court Judge.

IT IS SO ORDERED.

DATED: August 3, 2011

DONNA M. RYU
United States Magistrate Judge
RELEASE ORDER
CR 11-70756 MAG (DMR)                                   9